**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Robert Michael RABE,
Defendant–Appellant.**

No. 87–5084.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 8, 1988.

Decided June 7, 1988.

Joseph F. Walsh, Los Angeles, Cal., for defendant-appellant.

Joyce A. Karlin, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before WALLACE, BEEZER and LEAVY, Circuit Judges.

LEAVY, Circuit Judge:

Robert Michael Rabe appeals the district court's denial of his motion to suppress evidence seized pursuant to the execution of a search warrant at his residence. After the motion was denied, Rabe entered a conditional plea of guilty to one count of causing obscene material to be mailed in violation of 18 U.S.C. § 1461 (1984). We affirm his conviction.

## FACTS AND PROCEEDINGS BELOW

In July and August 1984 the U.S. Customs Service seized two separate packages addressed to Rabe's post office box. The packages contained child pornography mailed from overseas. The packages were sent to the Southern California Child Pornography Task Force which began investigating Rabe in 1986.

On May 9, 1986, a Los Angeles Police Department detective sent a letter under an assumed name to Rabe stating:

I believe that we share a common interest.

I am a firm believer in the liberal upbringing of children and enjoy viewing their physical development.

If you share this interest I would like to hear from you.

Rabe responded in a letter postmarked May 13, 1986:

We do share a common interest. I have a small collection of books and magazines, but would like some new material.

I am also an avid photographer, but have yet to find the right subject. Maybe you know of someone?

Please write again soon with suggestions on how we can use our common interest to our mutual benefit.

When the detective next corresponded with Rabe on May 30, he enclosed a photograph of a partially nude prepubescent girl. Rabe wrote back, in a letter postmarked June 2:

I was very happy to see your letter in my mailbox today. I was even happier when I saw the photo inside. We do share similar interests.

My collection consists mostly of nudist magazines like Nudist Angel, Nudist Moppets, etc. They contain photos similar to the one you sent. I also have a few of higher quality.

Correspondence between Rabe and the detective continued until June 1986. On August 1, 1986, Rabe's residence was located and six days later a search warrant was executed there. Before execution of the warrant, a controlled delivery of a child pornography magazine was made to Rabe's post office box.

A Senior Special Agent for the Custom's Service prepared the affidavit for the search warrant. The agent described the 1984 seizures of child pornography sent to Rabe and the recent correspondence between Rabe and the detective. The affidavit also contained expert opinions on the behavior of pedophiles and the manner and

means by which child pornography is commercially distributed.

According to one expert, pedophilia is a life-long condition. A pedophile maintains a collection of child pornography gathered over many years and does not destroy or discard his materials. It was the opinion of the affiant that Rabe is a pedophile.

The second expert, a Postal Service Inspector, was of the following opinion concerning commercial distribution of child pornography. Advertisements for child pornography appear commonly in underground periodicals published both in the United States and in foreign countries. Once material is ordered from an advertisement, the publisher places the customer's name on a mailing list. Illustrated advertising brochures are sent from overseas to customers on a regular basis. When payment for an order is sent to an overseas publisher, the materials are sent to the customer with a guarantee that, if the materials are seized by Customs, the materials will be sent a second time at the publisher's expense. Several months often elapse before an overseas order, or reorder after seizure, arrives in the United States. Only ten per cent of child pornography mailed from overseas is seized by Customs upon entry into the United States.

The search warrant authorized the seizure of:

One (1) magazine entitled "NEW SCHOOL ACTION BOYS & GIRLS" [the control delivered magazine] and books, magazines, photographs, photocopies, negatives, films and video cassettes depicting minors engaged in sexually explicit conduct as those terms are defined in 18 USC 2255; still cameras, audio and video cassette recorders, audio stereo sound playing, dubbing and recording material and devices, envelopes, letters and other correspondence regarding children; books, documents, and records reflecting the making, receipt or acknowledgment of orders to purchase or offers to sell or trade depictions of minors, address books, mailing lists, supplier lists, mailing address labels, rubber address stamps, advertising brochures or materials, computer tapes, disks and storage devices and the necessary computer equipment used to retrieve data from storage file systems, and all documents or records pertaining to the preparation, purchase or acquisition of customer or correspondents' names or lists, used in connection with the purchase, sale or trade of sexually explicit depictions of minors; financial records of Robert Rabe, including monthly savings and checking account statements, cancelled checks, deposit tickets and receipts for cashiers' checks or money orders; telephone records, records of purchase of still and video photography equipment, film, photocopy or developing services, and all other records relating to the producing, sale, trade or purchase of sexually explicit depictions of minors; children's toys, books and entertainment material.

Upon execution, miscellaneous books, magazines, and pamphlets depicting children in various stages of nudity were seized. Also seized were thirteen advertisements and order forms for child pornography, Rabe's birth certificate and passport, and a gun and ammunition.

Rabe moved to suppress all evidence seized pursuant to the search warrant on the ground that the warrant violated the fourth amendment because it was overbroad and issued without probable cause. The district court denied the motion but ordered the birth certificate, passport, gun, and ammunition suppressed because their seizure was not authorized by the warrant. Following his conviction of violating 18 U.S.C. § 1461, Rabe timely appealed.

## DISCUSSION

### Probable Cause

■ Rabe argues that the search warrant violated the fourth amendment because the information upon which it was issued was stale and thus failed to establish probable cause. Rabe contends that the affidavit failed to establish probable cause that he presently possessed any child pornography or obscenity that had been

sent through the mail in violation of 18 U.S.C. § 2251 or § 1461.

No written findings of fact or conclusions of law were filed by the court below in denying the motion to suppress. "Where no findings of fact were made or requested, we will uphold a trial court's denial of a motion to suppress if there is a reasonable view of the evidence that will sustain it." *United States v. Harrington*, 636 F.2d 1182, 1185 (9th Cir.1980) (citations omitted). The evidence is viewed in the light most favorable to the government. *Id.* (citations omitted).

The warrant clause of the fourth amendment requires "probable cause, supported by Oath or affirmation" to justify the issuance of a search warrant. U.S. Const. amend. IV. This requires the government to establish by sworn evidence presented to a magistrate that probable cause exists to believe that an offense has been committed and that items related to that offense, such as fruits of the crime, will be found on the premises sought to be searched at the time the warrant is issued. *Durham v. United States*, 403 F.2d 190, 193 (9th Cir.1968). In making such a determination, the magistrate may consider expert opinion. *See United States v. Smith*, 795 F.2d 841, 848 (9th Cir.1986), *cert. denied*, — U.S. —, 107 S.Ct. 1964, 98 L.Ed.2d 535 (1987). The magistrate need not be certain that the items will be found on the premises; "a fair probability" is sufficient to establish probable cause. *United States v. Wiegand*, 812 F.2d 1239, 1242 (9th Cir.), *cert. denied*, — U.S. —, 108 S.Ct. 164, 98 L.Ed.2d 118 (1987).

The exchange of letters just before the search, in particular Rabe's response of June 2, was sufficient to establish probable cause that child pornography would be found at Rabe's residence. The expert opinion of the Postal Service Inspector, in combination with the 1984 seizures, established probable cause that these items had been mailed or delivered in violation of 18 U.S.C. § 2251 or § 1461. The inspector described the manner and means in which child pornography is commercially distributed, including the initial order of material, delivery through the mails, redelivery in the event of seizure, and regular mailing of advertisements to customers. The two 1984 seizures established that Rabe used this distribution system to obtain child pornography. Thus, the affidavit established "a fair probability" that there was child pornography at Rabe's residence which had been delivered by mail.

*Overbreadth*

■ Rabe contends that the evidence should have been suppressed because the search warrant was overbroad. Decisions by the district court regarding the required particularity of search warrants are reviewed de novo. *United States v. McClintock*, 748 F.2d 1278, 1282 (9th Cir.1984), *cert. denied*, 474 U.S. 822, 106 S.Ct. 75, 88 L.Ed.2d 61 (1985).

Under the fourth amendment, a search warrant must "particularly describ[e] the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. The Constitution prohibits the issuance of general warrants that would lead to "exploratory rummaging in a person's belongings." *Andresen v. Maryland*, 427 U.S. 463, 480, 96 S.Ct. 2737, 2748, 49 L.Ed.2d 627 (1976) (quoting *Coolidge v. New Hampshire*, 403 U.S. 443, 467, 91 S.Ct. 2022, 2038, 29 L.Ed.2d 564 (1971)).

■ In *United States v. Hurt*, we found a warrant not overbroad where the language of the warrant restricted the scope of the officer's search to materials depicting children under the age of 16 engaged in sexually explicit conduct and written documents that could serve as evidence of the use of the mails to order child pornography. *United States v. Hurt*, 795 F.2d 765, 772 (9th Cir.1986), *opinion amended, reh'g denied*, 808 F.2d 707 (9th Cir.1987), *cert. denied*, — U.S. —, 108 S.Ct. 69, 98 L.Ed.2d 33 (1987). The warrant issued for Rabe's residence, for the most part, limited the officer's search to materials "depicting minors engaged in sexually explicit conduct as those terms are defined in 18 U.S.C. 2255" and documents that would serve as evidence of "the purchase, sale, or trade of sexually explicit depictions of minors" or evidence of "producing, sale, trade, or pur-

chase of sexually explicit depictions of minors." These portions of the warrant were not overbroad.

▮ The warrant also authorizes seizure of Rabe's financial and telephone records without providing any guidelines to aid the officer in determining what may or may not be seized. While these sections of the warrant may be impermissibly overbroad, no evidence was obtained in reliance upon them. Thus, we do not vacate Rabe's conviction. *Cf. United States v. Cardwell,* 680 F.2d 75, 78 (9th Cir.1982).

## CONCLUSION

Probable cause existed for issuance of the search warrant. While portions of the warrant may have been impermissibly overbroad, the evidence that formed the basis for Rabe's conviction was obtained in reliance upon other portions of the warrant which satisfied the fourth amendment's particularity requirement. Rabe's conviction is affirmed.