943 F.2d 56
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
William Scott MACDONALD, Defendant-Appellant.
 No. 89-30374.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 5, 1991.*
Decided Sept. 10, 1991.
 
 Before CANBY, DAVID R. THOMPSON and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William Scott MacDonald appeals his conviction by conditional guilty plea for conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. He contends that the district court erred by denying his motions to suppress evidence and his request to withdraw his plea. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * Motions to Suppress
 
 
 4
 Oregon state court judges issued three orders authorizing Regional Organized Crime Narcotics Task Force (ROCN) officers to tape record conversations between MacDonald and police informants through the use of body wires. Portland Police Officer Edward May included information from two of these conversations in an affidavit for a warrant to search MacDonald and his residence. The state court signed the warrant on February 5, 1989. On February 9, Sheriff's Deputy Scott Ryon recorded a third conversation and then arrested MacDonald. ROCN officers executed the search warrant on February 10. May then included information provided by Ryon in an affidavit for a second state court warrant to search MacDonald's car.
 
 
 5
 MacDonald contends that the district court erred by denying (1) his motions to suppress evidence because May's first affidavit was false and the wire tapes were improperly obtained and (2) his motion to quash the search warrants as overbroad. These contentions lack merit.
 
 A. Franks Hearing
 
 6
 May stated in his first affidavit that on January 31, 1989, MacDonald told the informant that he would attempt to arrange to purchase five kilograms of cocaine at $15,000 per kilogram. MacDonald contends that the district court erred by refusing to hold a Franks hearing to determine whether this statement was materially false. We must determine whether MacDonald made a substantial preliminary showing that the statement was false, intentionally or recklessly made, and necessary to a finding of probable cause to search. Franks v. Delaware, 438 U.S. 154, 171-72 (1978); United States v. Bertrand, 926 F.2d 838, 842 (9th Cir.1991). We review de novo the district court's decision not to hold a hearing and its determination whether the statement was material to a finding of probable cause, and we review for clear error its determination whether the statement was intentionally or recklessly false. Id.; United States v. Dozier, 844 F.2d 701, 704 (9th Cir.), cert. denied, 488 U.S. 927 (1988).
 
 
 7
 An ROCN transcript of the conversation of January 31, 1989, could reasonably be interpreted to include a statement by MacDonald that he would attempt to arrange for the purchase of cocaine. Accordingly, the district court did not clearly err by finding that MacDonald had not made a substantial preliminary showing that the statement in May's affidavit was false. See Franks, 438 U.S. at 171-72; Bertrand, 926 F.2d at 842. We therefore affirm the district court's decision not to hold a hearing and its denial of MacDonald's motion to suppress evidence seized pursuant to the warrants.
 
 B. Wire Tapes
 
 8
 MacDonald next contends that the district court erred by denying his motion to suppress the body wire tape recordings because the ROCN officers' applications did not comply with the procedural requirements of the Omnibus Crime Control Act of 1968, 18 U.S.C. § 2510 et seq., and because the officers did not apply for a search warrant. These contentions lack merit.
 
 
 9
 Police officers may record conversations between an informant and a suspect without prior judicial authorization when the informant consents to the recording. 18 U.S.C. § 2511(2)(c). Accordingly, the procedural requirements for applying for judicial authorization are irrelevant. Furthermore, the warrantless recording of an oral conversation does not violate the fourth amendment. United States v. White, 401 U.S. 745, 752-53 (1971); United States v. Aguilar, 883 F.2d 662, 697-98 (9th Cir.1989), cert. denied, 111 S.Ct. 751 (1991). We therefore affirm the district court's denial of MacDonald's motion to suppress the wire tapes.
 
 C. Overbreadth
 
 10
 MacDonald contends that the warrants did not describe the items to be seized with sufficient particularity.[1] We review de novo. United States v. Rabe, 848 F.2d 994, 997 (9th Cir.1988).
 
 
 11
 A search warrant's description must be sufficiently specific to enable the person conducting the search reasonably to identify the items to be seized. United States v. Hernandez-Escarsega, 886 F.2d 1560, 1567 (9th Cir.1989), cert. denied, 110 S.Ct. 3237 (1990). A warrant comports with the fourth amendment if it effectively limits the scope of the search to items related to particular criminal activity. Id. at 1568; United States v. Rodriguez, 869 F.2d 479, 486-87 (9th Cir.1989). We consider such factors as whether probable cause exists to seize items described, whether the warrant sets out objective standards by which executing officers can differentiate items subject to seizure, and whether the government was able to supply more particular descriptions. United States v. McLaughlin, 851 F.2d 283, 285 (9th Cir.1988).
 
 
 12
 Here, the warrants directed the police to seize evidence of a specific crime, drug trafficking, and limited the seizures to drugs, items facilitating drug trafficking, and proceeds from this crime. Accordingly, the warrants were sufficiently specific. See Hernandez-Escarsega, 886 F.2d at 1567-68; Rodriguez, 869 F.2d at 486-87. We therefore affirm the district court's denial of MacDonald's motion to quash the warrants.
 
 II
 Request to Withdraw Plea
 
 13
 MacDonald contends that the district court erred by failing to permit him to withdraw his plea before sentencing. At the beginning of his sentencing hearing, MacDonald stated that he was concerned about his plea bargain and requested additional time to consult with another attorney. Because he did not move to withdraw his plea and thus did not raise the issue of its voluntariness below, we decline to consider this issue on appeal. See United States v. Nakagawa, 924 F.2d 800, 803 (9th Cir.1991).
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The first warrant authorized the police officers to search MacDonald and his residence "[f]or cocaine, in violation of ORS 475.992, items of identification, narcotics paraphernilia, all monies such as currency and negotiable instruments, securities, and all items of property and other things of value that are the profits or proceeds of trafficking in controlled substances; and all monies and properties such as drug records, pagers, travel documents, mobile phones, and address books that are used to facilitate trafficking in controlled substances, all evidence of the crimes associated with controlled substances violations."
 The second warrant authorized the police officers to search MacDonald's car "[f]or: Drug records, drug paraphernalia, money/U.S. currency, items of identification, a mobile phone, and all items or proceeds from the trafficking of controlled substances."