988 F.2d 124
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert G. LEES, Defendant-Appellant.
 No. 91-30401.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 5, 1993.
Decided Feb. 23, 1993.
 
 Appeal from the United States District Court for the Western District of Washington, No. CR-90-0260-D; Carolyn R. Dimmick, District Judge, Presiding.
 W.D.Wash.
 AFFIRMED.
 Before EUGENE A. WRIGHT, FARRIS and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 A jury found that Lees offered money to a co-worker to kill Lees' estranged wife and convicted him of solicitation for murder, 18 U.S.C. § 373. He raises numerous issues. He argues that evidence should have been suppressed, prosecutorial misconduct denied him a fair trial and the government withheld favorable evidence. Next, he asserts that the district court erred in denying a continuance, limiting impeachment of the government's star witness, admitting prejudicial evidence, limiting expert testimony and giving improper jury instructions. Finally, he contends that there was insufficient evidence to convict. We affirm.
 
 I. Suppression of Evidence
 
 3
 We review de novo the district court's denial of Lees' motion to suppress. United States v. Homick, 964 F.2d 899, 903 (9th Cir.1992). We review for clear error the magistrate's issuance of the search warrant. United States v. Bertrand, 926 F.2d 838, 841 (9th Cir.1991).
 
 
 4
 Lees contends that FBI Agent Boyd's affidavit failed to show a "reasonable nexus" between the alleged criminal activity and the places searched. "A magistrate is entitled to draw reasonable inferences about where evidence is likely to be kept, based on the nature of the evidence and the type of offense." United States v. Angulo-Lopez, 791 F.2d 1394, 1399 (9th Cir.1986). A "fair probability" of finding the evidence establishes probable cause. United States v. Rabe, 848 F.2d 994, 997 (9th Cir.1988).
 
 
 5
 The affidavit provided ample justification for searching Lees' office. It noted that the co-worker, Crowder, was the government informant. It mentioned a taped conversation between Lees and Crowder occurring at their workplace, where money was exchanged. The affidavit detailed their continual discussions at work. It was more than reasonable to infer that records and writings of the plot could be found in the office.
 
 
 6
 There was a fair probability that evidence of the murder-for-hire scheme could be found in Lees' home. Because the intended victim was his estranged wife, a home search was likely to reveal details about the motive, financial records, and Lees' efforts to track his wife's schedule. Evidence of a crime involving considerable planning, as opposed to discrete transactions, is likely to be found in one's home. See, e.g., United States v. Pfeaster, 544 F.2d 353, 373 (9th Cir.1976), cert. denied, 429 U.S. 1099 (1977).
 
 
 7
 Even if the affidavit failed to show a reasonable nexus between the crime and the places searched, we would uphold the searches under the good faith exception. The supporting affidavit was not so deficient as to make an official belief in the existence of probable cause unreasonable. See United States v. Hove, 848 F.2d 137, 139-40 (9th Cir.1988). In cases finding the good faith exception inapplicable, the affidavit gave "no hint" why police wanted to search the defendant's residence. See id. The affidavit here directly linked Lees to the address and provided a fair inference that evidence would be found there.
 
 
 8
 Lees' challenge to the search of the car is moot. No evidence from the vehicle was used at trial.
 
 II. Brady Violation
 
 9
 Lees argues that the government violated Brady v. Maryland, 373 U.S. 83 (1963), in failing to disclose material evidence in a timely manner. We review de novo a challenge to a conviction based on an alleged Brady violation. United States v. Aichele, 941 F.2d 761, 764 (9th Cir.1991). Evidence is material only if "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." United States v. Bagley, 473 U.S. 667, 682 (1985).
 
 
 10
 There was no reversible error. The district court found that much of the evidence was not in the government's control until just before trial. The prosecution was not obligated to turn over material of which it did not have control. Aichele, 941 F.2d at 764. In any event, much of the information could have been obtained by Lees' own diligence. See id.
 
 
 11
 He also fails to demonstrate material prejudice. He cross-examined Crowder extensively, impeaching him on his criminal record, marital history, military service record, misstatements on applications and financial difficulties. Lees can only speculate about what further evidence might have revealed.
 
 III. Prosecutorial Misconduct
 
 12
 Apart from purposeful withholding of Brady material, Lees makes other allegations of prosecutorial misconduct. We review all such instances which were preserved for appeal with a proper objection or which were plain error to examine whether the cumulative effect is prejudicial. United States v. Wallace, 848 F.2d 1464, 1475-6 (9th Cir.1988).
 
 
 13
 We have reviewed the record and find that Lees makes out few cognizable claims of prosecutorial misconduct. Although the prosecutor's actions may not have been advisable in all respects, nowhere did they approach a level of misconduct requiring reversal. Viewed in the context of the entire trial, Lees was not materially prejudiced. The taped conversations, the exchange of money and the details Lees gave Crowder about his wife were strong evidence of guilt.
 
 IV. Continuance
 
 14
 We review for an abuse of discretion the district court's denial of Lees' renewed motion for a continuance. United States v. Robinson, 967 F.2d 287, 291 (9th Cir.1992).
 
 
 15
 The court did not abuse its discretion. In his renewed motion, Lees mainly repeated his allegations of tardy Brady disclosures. Another continuance would have allowed him to explore only cumulative impeachment evidence. It is only speculative that additional time would have led to other important information. " 'What might have been discovered had a continuance been granted is inadequate to establish prejudice.' " United States v. Shirley, 884 F.2d 1130, 1135 (9th Cir.1989) (quoting United States v. Hernandez, 608 F.2d 741, 746 (9th Cir.1979)). The district court also had legitimate concerns that another continuance would disrupt other scheduled trials.
 
 V. Evidentiary Rulings
 
 16
 a) Limiting Impeachment:
 
 
 17
 Lees argues that the district court erred in limiting his impeachment of Crowder. We review for an abuse of discretion the extent of cross-examination allowed by the trial judge. United States v. Jackson, 756 F.2d 703, 706-707 (9th Cir.1985).
 
 
 18
 Much of the restricted line of questioning was repetitive or concerned collateral issues. " 'The trial court does not abuse its discretion as long as the jury receives sufficient information to appraise the biases and motivations of the witness.' " United States v. Guthrie, 931 F.2d 564, 568 (9th Cir.1991) (quoting United States v. Feldman, 788 F.2d 544, 554 (9th Cir.1986), cert. denied, 479 U.S. 1067 (1987)).
 
 
 19
 Lees fails to show that the outcome of the trial turned on Crowder's credibility. The tape recordings of Lees' words preclude the argument that the government's case rested entirely upon the jury's assessment of Crowder's credibility.
 
 
 20
 b) Admitting Prejudicial Evidence:
 
 
 21
 Lees argues that the court erred in admitting the recording of his August 31 conversation with Crowder and in allowing the government to use its transcript of the tape.
 
 
 22
 The court reviewed the August 31 tape in camera, concluding it was "clear enough," and warned the jury that it "was not to speculate as to what the inaudible portions might say." The court allowed Lees to play portions of the recordings he believed were purposefully left out of the government's transcript. Finally, the court reduced the risk of prejudice by preventing the use by the jury of any transcripts, prepared by either party. These rulings were not an abuse of discretion. See United States v. Booker, 952 F.2d 247, 250 (9th Cir.1991) (upholding use of transcripts where district court did not review them but witness testified to their accuracy and limiting instruction given).
 
 
 23
 c) Limiting Expert Testimony:
 
 
 24
 We review for manifest error the exclusion of expert testimony and will sustain the ruling when the testimony would not have materially assisted the jury. United States v. Sinigaglio, 942 F.2d 581, 584 (9th Cir.1991).
 
 
 25
 At pretrial, the court ruled that Dr. Fine could talk about role-playing generally, to inform the jury that people played such games and to identify the terminology, but that he could not direct his comments to the specific events in dispute. This was not manifestly erroneous. The jury studied the tapes and transcripts of the conversations between Lees and Crowder. They did not need an expert's opinion to reach an informed interpretation of the events.
 
 VI. Jury Instructions
 
 26
 Lees asserts that Jury Instruction No. 8, establishing the elements of the solicitation offense, was inadequate because it did not require that the jury find Lees seriously intended the murder. This argument has no merit. The instruction properly tracked the language of the statute, 18 U.S.C. § 373. The jury had to have believed Lees seriously intended the offense. Instruction No. 8 required this in equivalent terms, stating that the government's proof had to be "strongly corroborative of that intent." Lees argues that, because this language applies only to the first element of Count 1, it required strong government proof only of the intent that Crowder should travel to California and not of the intent that he should kill the victim. Lees simply misreads Count 1. The first element covers both the intent that Crowder should go to California and that he should commit murder.
 
 VII. Sufficiency of the Evidence
 
 27
 Lees argues that the court erred in denying his motion for acquittal. This was a challenge to the sufficiency of the evidence. We review the evidence in the light most favorable to the government to determine whether any rational juror could have found the essential elements of the crime beyond a reasonable doubt. Shirley, 884 F.2d at 1134.
 
 
 28
 The jury simply disbelieved Lees' fantasy game defense. A rational juror could easily have found he solicited the murder of his wife. The government supplied a motive. There was evidence that he paid Crowder. The taped conversations revealed that Lees provided detailed information about his wife and made many other incriminating statements. The district court properly denied the motion for acquittal.
 
 
 29
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3