9 F.3d 1555
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Francisco TORRES-SORIA, Defendant-Appellant.
 No. 92-30511.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 2, 1993.*
Decided Nov. 10, 1993.
 
 Before: WRIGHT, GOODWIN and HUG, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Francisco Torres-Soria pleaded guilty to possessing heroin with intent to deliver, 21 U.S.C. § 841. He conditioned his plea upon the right to appeal the denial of his pretrial motion to suppress evidence seized during a search of his car. We have jurisdiction over his timely appeal under 28 U.S.C. § 1291, and we affirm.
 
 I. THE STOP
 
 3
 A police officer may justifiably stop a car when he reasonably suspects the driver of a traffic violation. United States v. Brewer, 947 F.2d 404, 412 (9th Cir.1991). The arresting officer's motive determines whether the stop is merely an impermissible pretext for further investigation. United States v. Smith, 802 F.2d 1119, 1124 (9th Cir.1986). We review for clear error the district court's factual determinations about the officer's motives, United States v. Gutierrez-Mederos, 965 F.2d 800, 802 (9th Cir.1992), including findings of credibility, United States v. Ramos, 923 F.2d 1346, 1356 (9th Cir.1991).
 
 
 4
 Trooper Markee had reason to suspect Torres-Soria of driving under the influence of alcohol. The bars had just closed, and Markee saw the car signal a lane-change, then straddle the center line for a half-mile (itself a traffic violation). Although Torres-Soria testified that he did not drive in that manner, the court did not clearly err in believing Markee's testimony. Gutierrez-Mederos, 965 F.2d at 802.
 
 
 5
 Torres-Soria also argues that Markee was motivated by an Oregon State Police policy of stopping Hispanic males in older American sedans for minor traffic violations in order to question them and obtain permission to search their cars. He presents statistical and other evidence to support his claim. He also testified that Markee tailgated him before the stop, affording the trooper a clear opportunity to see him and his car.
 
 
 6
 Markee testified that he was travelling seven or eight car-lengths behind Torres-Soria at 2:45 a.m. He said that at the time he initiated the stop, he could not see Torres-Soria's physical characteristics and knew only that the car was an older Ford. The district judge believed Markee. From our review of the record we cannot say that the judge clearly erred. See Gutierrez-Mederos, 965 F.2d at 802.
 
 II. THE SEARCH
 
 7
 Torres-Soria also argues that the search exceeded the scope of his consent. He claims he thought he was consenting to a search of the passenger compartment, not to the removal of the firewall lining where the heroin was found. We measure the scope of Torres-Soria's consent not by what he subjectively thought, but by what a reasonable person would have understood by the exchanges between him and Markee. Florida v. Jimeno, 111 S.Ct. 1801, 1803-04 (1991). Neither the district court nor the magistrate made any specific findings about this. However, "[w]here no findings of fact were made or requested, we will uphold a trial court's denial of a motion to suppress if there is a reasonable view of the evidence that will sustain it." United States v. Rabe, 848 F.2d 994, 997 (9th Cir.1988) (internal quotation omitted).
 
 
 8
 Markee testified that he asked Torres-Soria if he was carrying drugs, guns, or large sums of cash. Torres-Soria said he was not. When Markee asked if he could search the car, Torres-Soria told him to "[g]o ahead and check it out," and answered "yes" when asked if the troopers could look anywhere they wanted. Although present during the search, he never tried to limit his consent. Trooper Anderson emptied the contents from the unlocked glovebox and, feeling a bump beneath the firewall insulation behind the glovebox, pulled back the insulation and found the drugs.
 
 
 9
 "The scope of a search is generally defined by its expressed object." Gutierrez-Mederos, 965 F.2d at 803. Torres-Soria knew that the troopers were looking for drugs, which are often hidden. He told them to "check it out" and placed no explicit limit on their search. The search did not exceed the scope of the consent. Id.
 
 
 10
 Nor was the manner in which Anderson found the contraband impermissible. He did not break into the glovebox, or force the insulation apart from the firewall. He merely pulled it back after feeling where Torres-Soria had hidden his stash. Because a reasonable person would have understood Torres-Soria to have authorized this non-destructive act, the search was permissible. Id. (pulling back cardboard divider in compartment within hatchback area permissible).
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4. Appellant's request for oral argument has been considered and is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3