**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4084**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RALPH D. DAVIS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  T. S. Ellis, III, Senior District Judge.  (1:07-cr-00254-TSE-1)

Submitted:  January 15, 2009          Decided:  February 27, 2009

Before MICHAEL, MOTZ, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Alan H. Yamamoto, Alexandria, Virginia, for Appellant. Chuck Rosenburg, United States Attorney, Andrew McCormack, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ralph D. Davis was indicted on one count of Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2) (2006) ("Count One"), one count of Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(4)(B) (2006) ("Count Two"), and one count of Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1) (2006) ("Count Three"). Davis pled guilty to Count One, the district court dismissed Count Two, and Davis was convicted by a jury on Count Three. The district court sentenced Davis to 120 months' imprisonment on Count One, to run concurrently with a sixty-month sentence imposed for Count Three. On appeal, Davis alleges that the district court erred in denying his motion to suppress evidence seized in a search of his house conducted pursuant to a warrant.

Davis first contends the affidavit supporting the search warrant "contains misstatements which were intentionally or recklessly made by the Agent to mislead the magistrate judge into finding probable cause." Where an affiant, in obtaining a search warrant, included "'a false statement knowingly and intentionally, or with reckless disregard for the truth,'" and the false statement was necessary to the probable cause finding, "the warrant is void and the fruits of the search must be suppressed." United States v. Gary, 528 F.3d 324, 327 (4th Cir.

2

2008) (quoting Franks v. Delaware, 438 U.S 154, 171-72 (1978)). The defendant must provide affidavits or statements of witnesses to support this showing, and must allege more than mere negligence or mistake. United States v. Tate, 524 F.3d 449, 454 (4th Cir. 2008). "The burden of making the necessary showing is thus a heavy one to bear." Id. Whether the showing made by the defendant is adequate to warrant a Franks hearing is a question of law subject to de novo review. Id. at 455. As Davis failed to show that the affiant knowingly and intentionally made any false statements, this argument fails. Moreover, the district court correctly denied Davis' motion to suppress because probable cause existed to search Davis' home. See Illinois v. Gates, 462 U.S. 213, 238 (defining probable cause as "a fair probability that . . . evidence of a crime will be found in a particular place").

Davis asserts that the information supporting the search warrant was stale. "A valid search warrant may issue only upon allegations of facts so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time." United States v. McCall, 740 F.2d 1331, 1335-36 (4th Cir. 1984) (internal quotation marks and citation omitted). "The vitality of probable cause cannot be quantified by simply counting the number of days between the occurrence of

the facts supplied and the issuance of the affidavit." Id. at 1336 (internal quotation marks and citation omitted).

Other circuits have found that child pornographers keep their contraband for a long time; information a year old is not stale as a matter of law in child pornography cases. United States v. Newsom, 402 F.3d 780, 783 (7th Cir. 2005); see also United States v. Lacy, 119 F.3d 742, 745 (9th Cir. 1997) (upholding search warrant based on information ten months old because "the [agent] explained that collectors and distributors of child pornography value their sexually explicit materials highly, 'rarely if ever' dispose of such material, and store it 'for long periods' in a secure place, typically in their homes."); United States v. Harvey, 2 F.3d 1318, 1322-23 (3d Cir. 1993) (concluding that a warrant was not based on stale information, in part because those who collect child pornography tend to keep it); United States v. Rabe, 848 F.2d 994, 996 (9th Cir. 1988) (upholding warrant despite two-year delay between original seizures and warrant because more recent letters indicated that pornographic material was still being kept by the defendant). Guided by this body of authority, we conclude the district court properly found the warrant did not contain stale information.

Finally, Davis argues that the evidence seized from his home must be suppressed because the search occurred before

4

daylight hours, in violation of Rule 41 of the Federal Rules of Criminal Procedure. Rule 41(e)(2)(A)(ii), Fed. R. Crim. P., requires that a search warrant be executed during the daytime unless otherwise authorized by the warrant. The Rule defines daytime as "between 6:00 a.m. and 10:00 p.m. according to local time." Fed. R. Crim. P. 41(a)(2)(B). However, even if the search occurred a few minutes before 6:00 a.m., suppression is not warranted as a remedy for such non-constitutional violations. See United States v. Hurwitz, 459 F.3d 463, 472 & n.6 (4th Cir. 2006).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5