BLD-030                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4069
_____

IN RE:  RALPH D. DAVIS,
                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Misc. No. 05-mc-00442)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
on November 4, 2010

Before: SLOVITER, JORDAN and GREENAWAY, JR., Circuit Judges

(Opinion filed: November 16, 2010)
_____

OPINION
_____

PER CURIAM

Ralph D. Davis seeks a writ of mandamus directing the District Court to disclose

copies of Title III wiretap applications and orders that were used to capture "electronic

communications relating to . . . [his] personal and financial information on the evening of

February 10, 2006."  For the following reasons, we will deny the mandamus petition.

In December 2005, the Honorable William J. Martini, United States District Judge

1

for the District of New Jersey, authorized the interception of electronic communications occurring over an email account related to a suspected child pornography website. The intercepted communications included an email from the website administrator to Davis. Davis alleges that information obtained as a result of the wiretaps was used to secure a warrant to search his home, where evidence of child pornography was found. After unsuccessfully moving to suppress that evidence, Davis pleaded guilty in the United States District Court for the Eastern District of Virginia to one count of receiving child pornography. See 18 U.S.C. §§ 2252(a)(2) & 2256(8)(A). The United States Court of Appeals for the Fourth Circuit affirmed the denial of the motion to suppress, see United States v. Davis, 313 F. App'x 672 (4th Cir. 2009), and the United States Supreme Court denied Davis' petition for certiorari, see Davis v. United States, 129 S. Ct. 2884 (2009). In July 2010, Davis filed in the Eastern District of Virginia a motion pursuant to 28 U.S.C. § 2255, alleging, inter alia, that he was denied due process because he was not furnished with the wiretap applications and orders pursuant to 18 U.S.C. § 2518(9).

Claiming that he is entitled to the wiretap material "due to the adversarial nature of the instant § 2255 proceedings," Davis sought relief by filing a petition for a writ of mandamus. Mandamus is a drastic remedy available only in the most extraordinary of situations in response to an act amounting to a judicial usurpation of power. See In re Nwanze, 242 F.3d 521, 524 (3d Cir. 2001). To justify such a remedy, a petitioner must show that he has (i) no other adequate means of obtaining the desired relief and (ii) a clear and indisputable right to issuance of the writ. Id.

2

Certainly Davis has other adequate means of obtaining the relief he requests. Section 2255 expressly authorizes the district courts to entertain a motion filed by a federal prisoner on the ground that his sentence "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. The applicable rules in § 2255 proceedings allow the district courts to authorize discovery, expansion of the record to add relevant materials, and an evidentiary hearing under certain circumstances. [1] See Rules 6 and 7 of the Rules Governing Section 2255 Proceedings.

Because Davis has failed to show that he has no other adequate remedy, we will deny his petition for a writ of mandamus.

---

[1] We of course imply nothing about whether such a 2255 petition would have merit. We also note that Davis has previously requested copies of the Title III documents. "This petitioner requested, from a number of sources, copies of the applications and orders which are enumerated in 18 U.S.C. § 2518(9). He asked his court appointed attorney . . . to review these documents . . . but counsel was unable to secure them. . . . This petitioner also formally requested these documents from [the United States District Court for the District of New Jersey]. . . . and attempted to secure these documents directly from the . . . District of New Jersey." Mandamus Petition, 8. These requests, although unsuccessful, further suggest that Davis had other means to obtain the wiretap applications and orders.