NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30172 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00174-JCC-1 |
| v. | |
| JOHN ROBERT RIGBY, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Argued and Submitted May 6, 2011
Seattle, Washington

Before: SCHROEDER, McKEOWN, and CALLAHAN, Circuit Judges.

John Robert Rigby appeals from the district court's judgment in his criminal case on federal child pornography charges. Rigby conditionally pleaded guilty to the charges, but reserved his right to appeal the district court's order denying his motion to suppress evidence. We review de novo the district court's ruling on the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

motion to suppress, as well as the district court's determination regarding an overbreadth challenge to the warrant, *see United States v. Adjani*, 452 F.3d 1140, 1143 (9th Cir. 2006), and we review for clear error whether the judge who issued the warrant had a substantial basis for concluding that probable cause existed, *see United States v. Hay*, 231 F.3d 630, 634 n.4 (9th Cir. 2000). We review for clear error the district court's findings regarding omissions and misrepresentations in the affidavit supporting the warrant. *See United States v. DeLeon*, 979 F.2d 761, 763 (9th Cir. 1992). We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm. The parties are familiar with the factual background and the facts underlying each challenge and thus we do not include them here.

The judge who issued the warrant did not clearly err in determining that the warrant was supported by probable cause. The information contained in the affidavit supporting the warrant was not stale due to the unique nature of the crime and the recency of Rigby's contact with the victim. *See United States v. Bowman*, 215 F.3d 951, 964 (9th Cir. 2000) ("A search warrant is not stale where there is sufficient basis to believe, based on a continuing pattern or other good reasons, that the items to be seized are still on the premises." (internal alteration and quotation marks omitted)); *United States v. Dozier*, 844 F.2d 701, 707 (9th Cir. 1988) ("The mere lapse of substantial amounts of time is not controlling in a question of

2

staleness."). Further, the warrant was sufficiently linked to the residence that was searched and "probable cause exist[ed] to believe that an offense ha[d] been committed and that items related to that offense, such as fruits of the crime, w[ould] be found on the premises." *United States v. Rabe*, 848 F.2d 994, 997 (9th Cir. 1988).

Nor was the warrant fatally overbroad. Not all of Rigby's overbreadth arguments are properly before this court. *See United States v. Murillo*, 288 F.3d 1126, 1135 (9th Cir. 2002) (explaining that arguments not first raised before the district court in a motion to suppress are waived). As to Rigby's arguments rightly before us, the affidavit created probable cause to search the items listed in the warrant. *See Maryland v. Garrison*, 480 U.S. 79, 84 (1987) (explaining that Fourth Amendment requires that a warrant be limited "to the specific areas and things for which there is probable cause to search").

In the alternative, even if the issuing judge clearly erred in determining that probable cause supported the warrant, the good faith exception applies. *See United States v. Leon*, 468 U.S. 897, 922 (1984) (holding suppression of "evidence obtained in objectively reasonable reliance on a subsequently invalidated search warrant" is not required).

Finally, the district court did not err in determining that the officer did not submit an affidavit that contained "deliberate falsehood or reckless disregard for the truth." *Franks v. Delaware*, 438 U.S. 154, 171 (1978); *see also United States v. Gourde*, 440 F.3d 1065, 1073 n.5 (9th Cir. 2006) (en banc) ("[F]ailure to investigate fully is not evidence of an affiant's reckless disregard for the truth." (internal quotation marks omitted)).

**AFFIRMED.**