**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 28 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50260 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-01931-MMA-1 |
| v. |  |
| KIM ALAN COUSINS, | MEMORANDUM* |
| Defendant - Appellant. |  |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Submitted March 7, 2012**
Pasadena, California

Before: FARRIS, CLIFTON, and IKUTA, Circuit Judges.

Defendant Kim Alan Cousins appeals his conviction, following a bench trial.

Specifically, Cousins argues that the district court erred in denying his motion to

suppress evidence found in his home pursuant to a search warrant. We affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Because the parties are familiar with the factual and legal history of the case, we need not recount it here.

The probable cause determination for a search warrant is based on the "totality of circumstances" test, which requires only a "fair probability" that the sought-after evidence is located in a particular place. *United States v. Gourde*, 440 F.3d 1065, 1069 (9th Cir. 2006) (en banc) (citing *Illinois v. Gates*, 462 U.S. 213, 246 (1983)). "Fair probability" does not require "certainty or even a preponderance of the evidence." *Id.* "[A] magistrate judge is only required to answer the common-sense, practical question whether there is probable cause to believe that contraband or evidence is located in a particular place before issuing a search warrant." *Id.* (internal quotations omitted). On review, "the magistrate judge's determination should be paid great deference." *Id.* (internal quotations omitted).

Cousins argues that no probable cause existed to support the warrant issued for the search of his home because the information provided to the magistrate judge was tenuous, speculative, and stale. "The test for judging the timeliness of a search warrant is whether there is sufficient basis to believe, based on a continuing pattern or other good reasons, that the items to be seized are still on the premises." *United States v. Gann*, 732 F.2d 714, 722 (9th Cir. 1984) (citing *United States v. Collins*, 559 F.2d 561, 564 (9th Cir. 1977)). "The mere lapse of substantial

amounts of time is not controlling in a question of staleness." *United States v. Dozier*, 844 F.2d 701, 707 (9th Cir. 1988) (citing *United States v. Foster*, 711 F.2d 871, 878 (9th Cir. 1983)). In light of the particular facts of the case and the nature of the criminal activity and property sought, the district court did not err in concluding that the information included in the affidavit provided "a fair probability" that evidence could be found at Cousins' residence at the time the warrant was issued. *See, e.g.*, *Gourde*, 440 F.3d at 1071; *United States v. Lacy*, 119 F.3d 742, 746 (9th Cir. 1997); *United States v. Rabe*, 848 F.2d 994, 997 (9th Cir. 1988).

**AFFIRMED.**