41 F.3d 1306
 Robert GREENSTREET; Dotti Greenstreet; Billy Francis
Greenstreet; Cindy Ehlinger Greenstreet,
Plaintiffs-Appellants,
v.
COUNTY OF SAN BERNARDINO; Floyd Tidwell, San Bernardino
Sheriff; Dana Williams, Deputy Sheriff; Michael Mascetti,
Deputy Sheriff; Scott Sasseen; John Powell, Deputy
Sheriff; Buzzard, Senior Deputy; William Zehms, Deputy
Sheriff; Steve Hauer, Deputy Sheriff; Greg Estrada, Deputy
Sheriff; Navarro, Deputy; Dave Hebden, Deputy Sheriff,
Defendants-Appellees.
 No. 93-55733.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Aug. 4, 1994.
Decided Dec. 2, 1994.
 
 1
 John C. Burton and Wilson McLeod, Burton & Norris, Pasadena, CA, for plaintiffs-appellants.
 
 
 2
 Tracy Strickland and S. Frank Harrell, Franscell, Strickland, Roberts & Lawrence, Santa Ana, CA, for defendants-appellees.
 
 
 3
 Appeal from the United States District Court for the Central District of California.
 
 
 4
 Before: D.W. NELSON and NOONAN, Circuit Judges, and KING,* District Judge.
 
 SAMUEL P. KING, District Judge:
 
 5
 Plaintiffs Robert, Dotti and Billy Greenstreet and Cindy Ehlinger ("Plaintiffs") appeal from the district court's judgment following a jury verdict in favor of Defendants San Bernardino County Sheriff's Department deputies in Plaintiffs' 42 U.S.C. Sec. 1983 action seeking money damages for the deputies' alleged misconduct in obtaining and executing a search warrant at the Plaintiffs' home. Plaintiffs contend that the district court (1) erroneously denied their Motion for Summary Adjudication of Issues, and (2) erroneously excluded at trial any reference by Plaintiffs to the invalidity of the search warrant. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and reverse and remand.
 
 I.
 
 6
 On January 25, 1990, San Bernardino County Sheriff's Deputy David Hebden sought the issuance of a warrant to search the Plaintiffs' residence located at 385 Granada Street, Rialto, California, as well as three other locations in the San Bernardino area. In support of the warrant, Deputy Hebden submitted an affidavit which provided the following information pertinent to the Plaintiffs' residence:
 
 
 7
 Your Affiant, David M. Hebden, is a Deputy Sheriff for the San Bernardino County Sheriff's Department and has been regularly employed in such capacity for the past twelve years. Your Affiant is presently assigned to the Sheriff's Vice Narcotics Fencing Division as an investigator.
 
 
 8
 * * * * * *
 
 
 9
 Since 12-15-89 your affiant along with several other officers with the San Bernardino County Sheriffs Narcotics Division has been involved in an extensive investigation and surveillance involving two subjects, one by the name of Kenneth Buskirk who we believe is involved in the sales and manufacturing of methamphetamine. Mr. Buskirk's associate who we have identified as Gregory John Gruber, who has recently been arrested for manufacturing of methamphemine [sic] and had a $100,000.00 outstanding arrest warrant but was arrested on 1-24-90 and is currently in the San Bernardino County Central Dentition [sic] Center. During the ongoing investigation, we were doing a surveillance at 986 Jefferson Ave, San Bernardino, and we do have a Search Warrant signed and ready for that residence for possession of methamphetamine for sales and possibly manufacturing methamphetamine.
 
 
 10
 During that investigation the San Bernardino County Vice/Narcotics Division has expended over 100 plus man hours in surveillance and we have followed and identified vehicles from the Jefferson street address to several other locations in the San Bernardino area and we believe that these locations are possibly heavily involved in narcotic activity and or manufacturing methamphetamine. Those addresses are as follows: ... 385 Granada Street, Rialto, California....
 
 
 11
 During the past two weeks, officers from the San Bernardino County Sheriffs Narcotics Division, including your affiant, have spent approximately 15 or 20 hours on surveillance at the above mentioned locations and identified the following subjects as being connected at those locations and to the original location at 986 Jefferson Ave., in San Bernardino.
 
 
 12
 * * * * * *
 
 Richard Allen Greenstreet[1]
 White Male Adult, D.O.B. 2-16-54
 
 13
 The address that we have surveiled him to is 385 Granada Street, in Rialto, California. Mr. Greenstreet does have a criminal record for possession of control [sic] substances for sale and some weapons charges. Mr. Greenstreet has also been surveiled and observed at the Jefferson Street address and we believe is associated and involved in narcotic activity alone [sic] with the other subjects listed in the search warrant.
 
 
 14
 * * * * * *
 
 
 15
 Since 1-2-90 Detective Buddy Wiebeld, from the San Bernardino County Sheriff's Narcotics/Fencing Division, has been activity [sic] involved in the investigation and surveillance along with a confidential reliable informant (CRI) who has been working with the Fencing Division. The CRI has been involved in several investigations with the Fencing Division and have written two successful search warrants behind the CRI's information. The CRI has been providing us with information concerning some of the above mentioned subjects listed in the search warrant and has provided us with information that subjects do sale [sic] methamphetamine and activity [sic] involved manufacturing of methamphetamine and many times they use a different location to set up Clandestine Laboratory. Based on the CRI's information and surveillance we have been involved in we believe that possibly one of the locations listed in these search warrants is being used to manufacture methamphetamine and all of the above locations are activity [sic] involved in selling narcotics.
 
 
 16
 The affidavit also requested permission for night service of the warrant.
 
 
 17
 Judge Marianne D. Isaeff of the San Bernardino Municipal Court ("the magistrate") issued the warrant that night, at 10:50 p.m. Defendants claim that the warrant was issued at such a late hour because the task force received information around 10:00 p.m. indicating that the surveillance operation may have been compromised. Accordingly, Deputy Hebden finalized his affidavit and presented it to Judge Isaeff for approval.
 
 
 18
 Eight days later, sometime before 7:00 a.m., a squad of San Bernardino County Sheriff's deputies executed the search warrant at the Greenstreet residence.[2] No evidence was seized incident to the search. However, incriminating evidence was apparently seized in at least two other locations referenced in Deputy Hebden's affidavit. Plaintiffs subsequently brought this suit.
 
 
 19
 On January 31, 1992, Plaintiffs filed a Motion for Summary Adjudication of Issues which asked the court to rule that the search warrant was invalid and that Deputy Hebden was liable to Plaintiffs under Sec. 1983 for having applied for the warrant. The district court denied Plaintiffs' motion and instead found that the warrant had been issued upon probable cause.
 
 
 20
 Richard Greenstreet had a past criminal history and was closely involved in some unknown capacity with drug activity occurring at the Jefferson Street address--for which the officers already had a search warrant. The affidavit states that Richard Greenstreet was tailed from the Jefferson address to the Plaintiffs' residence on at least one occasion. The implication was that Richard seemed to be living at the Greenstreet address. As such, the warrant contained sufficient facts upon which the Magistrate could reasonably have found probable cause existed.[3]
 
 
 21
 After a successful motion in limine which narrowed the issues to be tried down to one--whether the search warrant was properly executed--jury trial commenced April 6, 1993. The jury returned a complete defense verdict and Plaintiffs timely appealed.
 
 II.
 
 22
 We exercise a deferential review of the initial probable cause determination and will uphold it so long as the magistrate had a "substantial basis" for concluding probable cause existed based on the totality of circumstances. United States v. Bertrand, 926 F.2d 838 (9th Cir.1991). We must keep in mind that the role of the magistrate is to determine whether, "given all the circumstances set forth in the affidavit before [her] ... there is a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983). The facts presented "must be sufficient to justify a conclusion that the property which is the object of the search is probably on the premises to be searched at the time the warrant is issued." United States v. Greany, 929 F.2d 523, 524-25 (9th Cir.1991).
 
 III.
 
 23
 Plaintiffs' primary contention on appeal is that the warrant affidavit not only fails to provide a substantial basis for the magistrate's probable cause determination, but is so lacking in probable cause that no reasonable officer could have believed it valid. We agree.
 
 
 24
 Deputy Hebden's affidavit included the following information regarding Plaintiffs' residence: Richard Greenstreet, a man with a history of drug offenses, was seen at the alleged locus of the drug ring and then at some point, went to Plaintiffs' residence. That is all. There is no information as to how many times Richard Greenstreet went to Plaintiffs' residence, what he did while he was there, or who actually lived there. Merely stating that Richard Greenstreet was surveilled to Plaintiffs' residence, without any other information as to his activities, "is not sufficient to permit an inference" that Richard Greenstreet was other than a "casual social guest" at Plaintiffs' residence. United States v. Bailey, 458 F.2d 408, 412 (9th Cir.1972). Keeping in mind the question for the magistrate--is there a fair probability that contraband or evidence of a crime will be found at Plaintiffs' residence --we conclude that the very weak link between Jefferson Street and Plaintiffs' residence did not provide a substantial basis for the magistrate's decision.
 
 
 25
 Defendants point out that Deputy Hebden's affidavit states that a search warrant had already been obtained for the Jefferson Street address. This fact does not, in and of itself, provide probable cause to search other locations. Moreover, in the case of multi-location search warrants, the magistrate must be careful to evaluate each location separately. "A search warrant designating more than one person or place to be searched must contain sufficient probable cause to justify its issuance as to each person or place named therein." People v. Easely, 34 Cal.3d 858, 196 Cal.Rptr. 309, 671 P.2d 813, 820 (1983).
 
 
 26
 Defendants also point to Richard Greenstreet's criminal history. While the use of prior arrests and convictions can be helpful in establishing probable cause, especially where the previous arrest or conviction involves a crime of the same general nature as the one the warrant is seeking to uncover, United States v. Conley, 4 F.3d 1200, 1207 (3d Cir.1993), cert. denied, --- U.S. ----, 114 S.Ct. 1218, 127 L.Ed.2d 564 (1994), Richard Greenstreet's criminal history is only relevant as it relates to the Greenstreets' residence. However, Deputy Hebden's affidavit makes no connection whatsoever between Richard Greenstreet's criminal history and Plaintiffs' residence except to say that Richard was seen there. He could have been there for any number of reasons, none of which may be inferred from the dearth of information provided in the affidavit. See, e.g., United States v. Curzi, 867 F.2d 36, 45-46 (1st Cir.1989).
 
 
 27
 In short, Deputy Hebden's affidavit did not provide a substantial basis for the magistrate's conclusion that the affidavit stated probable cause to search Plaintiffs' residence.
 
 IV.
 
 28
 The lack of probable cause notwithstanding, Deputy Hebden is entitled to immunity from suit for his seeking the issuance of the search warrant unless "a reasonably well-trained officer in [Deputy Hebden's] position would have known that his affidavit failed to establish probable cause and that he should not have applied for the warrant." Malley v. Briggs, 475 U.S. 335, 345, 106 S.Ct. 1092, 1098, 89 L.Ed.2d 271 (1986). We conclude that this affidavit was so lacking in indicia of probable cause as to the Greenstreets' residence that a reasonable officer would not have sought a search warrant.
 
 
 29
 As discussed in part III, supra, the affidavit provides almost no information about the Greenstreets' residence. Furthermore, Deputy Hebden could not rely on the issuing judge's probable cause determination. Malley rejected the view that a police officer's reliance on a warrant is per se objectively reasonable merely because a judicial officer has found probable cause exists. 475 U.S. at 345-46, 106 S.Ct. at 1098-99. See also, Bergquist v. County of Cochise, 806 F.2d 1364, 1367-68 (9th Cir.1986). The Malley Court recognized that under certain circumstances, it is possible that a magistrate will issue a warrant when one should not be authorized. The Court put the burden on the officer applying for the warrant to minimize this danger by exercising reasonable professional judgment. Malley, 475 U.S. at 345-46, 106 S.Ct. at 1098-99.
 
 
 30
 Deputy Hebden failed to exercise the requisite reasonable professional judgment when he sought a search warrant for the Greenstreets' residence based on an affidavit which provided next to nothing about the Greenstreets' residence. Moreover, it appears that Deputy Hebden himself contributed to the magistrate's incorrect probable cause determination when he presented the affidavit at almost 11:00 p.m., apparently explaining that the surveillance operation had been compromised. These circumstances undoubtedly led to a hasty review of the affidavit by the magistrate.
 
 
 31
 We therefore conclude that a reasonable officer in Deputy Hebden's position would not have sought the issuance of a search warrant for the Greenstreets' address. Deputy Hebden is thus not entitled to qualified immunity from Plaintiffs' Sec. 1983 action.
 
 
 32
 Given our resolution of the qualified immunity issue, we need not address Plaintiffs' second contention on appeal--that the district court improperly excluded at trial evidence regarding the invalidity of the search warrant. Plaintiffs had hoped to have the search warrant reevaluated in light of allegedly material omissions from the affidavit. Since we have already decided that the affidavit failed to provide a substantial basis for the magistrate's probable cause determination, there is no need to reevaluate the affidavit. However, the omitted material may be relevant to the district court's damage calculations.
 
 
 33
 REVERSED and REMANDED for further proceedings consistent with this opinion.
 
 
 
 *
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 [1]
 Richard Greenstreet is apparently a distant cousin of plaintiff Robert Greenstreet. Plaintiffs claim they had not met or heard of Richard Greenstreet prior to the execution of the search warrant
 
 
 [2]
 The reasonableness of the search was determined by the jury. Plaintiffs do not appeal from the jury's verdict against them on that issue
 
 
 [3]
 Plaintiffs also argued in their motion that Deputy Hebden's affidavit had misled the issuing judge because it did not specifically identify the persons who had made each observation recited in the affidavit, but rather used the term "we". The district court rejected this argument as well, pointing out that Deputy Hebden had identified, in separate paragraphs, the sources of his information and their reliability. Deputy Hebden prefaced his statements with "I" or "we" to distinguish facts which he personally observed from those made by other members of the task force. The affidavit was therefore not misleading. Because of the district court's resolution of these issues, it did not reach the question of Deputy Hebden's qualified immunity. Plaintiffs do not appeal the district court's finding on this issue