52 F.3d 335
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dracey Davel WILLIAMS, Defendant-Appellant.
 No. 94-30082.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 7, 1995.
Decided April 5, 1995.
 
 1
 Before: SKOPIL, HALL and WIGGINS, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 OVERVIEW
 
 3
 Dracey Davel Williams (aka Eric Price) entered a conditional guilty plea to one count of possession with intent to distribute over 50 grams of crack cocaine. He appeals the district court's denial of his motion to suppress evidence obtained during a search of his motel room. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm the district court's conclusion that the search warrant was valid and that suppression therefore was not required.
 
 FACTS
 
 4
 Williams and Anton Riles were arrested on July 14, 1993 following a warrant search of their room ("room 4") at the Belair Motel. Pursuant to the search, officers seized $16,759, miscellaneous notes and papers, two money orders totalling $156, one pager, and 326 grams of crack cocaine.
 
 
 5
 Williams moved to suppress the seized evidence, arguing that the search warrant was not supported by probable cause. According to Williams, Officer Hawks' affidavit filed in support of the warrant recklessly misrepresented and omitted material information. In addition, Williams alleges that his identity and his arrest record, both of which helped establish probable cause for issuing the warrant, were obtained in violation of the Fourth Amendment.
 
 
 6
 The district court held a hearing on Williams' suppression motion, at which the affiant (Hawks), the motel manager (Donna Norris), and the motel housekeeper who cleaned room 4 testified. Hawks explained that he had been contacted by Norris about the occupants of room 4. Norris had found their behavior suspicious in light of the "motel drug profile" she previously had received from the police. She called Hawks several times to keep him apprised of the activities of room 4's occupants, and to give him information--including a license plate number--about a visitor to room 4. Hawks found that the license plate was on a truck registered to Thomas Scharp, who had a criminal record involving controlled substance violations. Norris also entered room 4 and saw a document with the name "Eric Price" on it. Hawks determined that an Eric Price previously had been arrested for a drug violation. He then drafted an affidavit for a search warrant that included some of the information he received from Norris, a partially inaccurate description of Scharp's and "Price's" (i.e., Williams') criminal records, and a factually accurate but allegedly misleading description of his law enforcement experience. Hawks presented the affidavit to Spokane County District Court Judge Richard. Although the exchange was not recorded or transcribed, Judge Richard apparently asked about Norris' role and her relationship with the police department before he issued the warrant.
 
 
 7
 The district court concluded that Hawks' affidavit did contain misstatements and omissions, but that none was intentionally or recklessly made. The court further determined that the information properly before the state judge was sufficient to support issuance of the warrant. The court therefore denied Williams' suppression motion. Williams entered a guilty plea to one count of possession with intent to distribute over 50 grams of crack cocaine, conditional on his right to appeal the denial of his suppression motion.
 
 DISCUSSION
 
 8
 I. THE MOTEL MANAGER'S SEARCH OF ROOM 4 WAS A PRIVATE SEARCH AND DOES NOT IMPLICATE THE FOURTH AMENDMENT
 
 
 9
 The district court concluded that Norris' search of room 4, which resulted in her discovery of documents bearing the name "Eric Price," was a private search to which the Fourth Amendment does not apply. This court reviews that conclusion de novo. United States v. Reed, 15 F.3d 928, 930 (9th Cir.1994).
 
 
 10
 The Fourth Amendment does not apply in this case because "the government [did not] kn[o]w of and acquiesce[ ] in the intrusive conduct." Id. at 931. The undisputed testimony at the suppression hearing indicates that Norris did not inform Hawks of her search until afterwards, and that she did not conduct the search at his request or direction. At most, Hawks suggested that it would be helpful to know the identities of the occupants of room 4. Hawks testified that he expected that Norris would ask the occupants for their names or for identification, which she in fact did, but that he did not expect her to search the room. This involvement is not sufficient to indicate government knowledge and acquiescence. See United States v. Snowadzki, 723 F.2d 1427, 1428-30 (9th Cir.) (government knowledge and acquiescence not shown where government official "simply responded in answer to a question that the records would be of some help" and told the individual that he could receive a reward for providing assistance), cert. denied, 469 U.S. 839 (1984). Accordingly, Williams' identity and criminal record were properly part of Judge Richard's probable cause assessment.
 
 
 11
 II. THE STATE JUDGE HAD A SUBSTANTIAL BASIS FOR CONCLUDING THAT THERE WAS PROBABLE CAUSE TO ISSUE THE SEARCH WARRANT
 
 A. Standard of Review
 
 12
 Williams alleges that the affidavit presented to Judge Richard contains material misrepresentations and omissions. This court reviews the district court's finding of intentional or reckless misrepresentations or omissions for clear error. United States v. DeLeon, 979 F.2d 761, 763 (9th Cir.1992). If an affiant knowingly or recklessly includes false information or omits facts in an affidavit, the "district court must suppress evidence seized under [the] warrant." United States v. Dozier, 844 F.2d 701, 705 (9th Cir.), cert. denied, 488 U.S. 927 (1988). If the affidavit does contain misrepresentations or omissions, but they were not knowingly or recklessly made, this court reviews a corrected version of the affidavit to "decide whether the magistrate had a substantial basis for issuing the search warrant," in light of the information properly before the magistrate. United States v. Grandstaff, 813 F.2d 1353, 1355 (9th Cir.) (per curiam), cert. denied, 484 U.S. 837 (1987).[1]
 
 
 13
 Williams argues that Judge Richard's finding of probable cause to issue the warrant is not entitled to any deference because Judge Richard allegedly considered information obtained during an unrecorded sidebar. Whether or not this argument has been waived, as the government claims, Williams' argument misapprehends our review. Because the search warrant allegedly was issued based on misleading and incomplete information, we do not review whether the information actually before Judge Richard provided a sufficient basis for issuing the warrant. Instead, this court ultimately must be satisfied that there is sufficient information within the four corners of Hawks' corrected affidavit to "provide [Judge Richard] with a substantial basis for concluding that probable cause existed." See United States v. Meling, --- F.3d ----, No. 93-30238, slip op. 1951, 1964 (9th Cir. Feb. 22, 1995) (quoting United States v. Stanert, 762 F.2d 775, 782, amended, 769 F.2d 1410 (9th Cir.1985)); Grandstaff, 813 F.2d at 1355.
 
 B. Merits
 
 14
 Williams does not argue that probable cause was facially lacking in the search warrant. Instead, he challenges the accuracy of Hawks' affidavit and argues that if it is corrected as he suggests it should be, then there is not a sufficient basis for a finding of probable cause. We disagree.
 
 
 15
 1. The District Court's Conclusion that Officer Hawks'
 
 
 16
 Affidavit Does Not Contain Knowing or Reckless
 
 Misstatements or Omissions is Not
 Clearly Erroneous
 
 17
 Although Hawks may have acted irresponsibly in preparing his affidavit, the district court undoubtedly was correct in attributing many of the affidavit's deficiencies to Hawks' inexperience, rather than to improper motives. The district court's conclusion that the deficiencies in his affidavit resulted from negligent, rather than reckless, behavior is not clearly erroneous in light of this court's prior cases. See, e.g., Dozier, 844 F.2d at 705-06 (district court's conclusion that conduct was neither knowing nor reckless was not clearly erroneous even though affiant had actual knowledge that statement in affidavit was false; misstatement that occurred because affiant did not know how to read California rap sheet was product of negligence).
 
 
 18
 Negligent misstatements and omissions do not automatically invalidate search warrants. Id. Rather, this court must review the corrected affidavit to ensure that it contains sufficient information to support a finding of probable cause. See id. at 706-07; United States v. Esparza, 546 F.2d 841, 843-44 (9th Cir.1976).
 
 
 19
 2. Officer Hawks' Corrected Affidavit Provided a Sufficient
 
 
 20
 Basis for the State Judge's Finding of Probable Cause
 
 
 21
 After correcting Hawks' affidavit, there remains a sufficient basis for Judge Richard's finding of probable cause. The corrected affidavit includes the following information:
 
 
 22
 1. The woman who checked in to room 4 left shortly thereafter and was not seen at the motel again;
 
 
 23
 2. The occupants of room 4 made a high number of phone calls; specifically, they made nearly 100 calls during a two to three day period;
 
 
 24
 3. The occupants of room 4 usually refused maid service;
 
 
 25
 4. The man who appeared to be the primary occupant of room 4 generally paid for the room on a day-to-day basis and in cash;
 
 
 26
 5. A visitor to room 4 had a drug history consisting of three arrests in 1988 and 1989 for controlled substance violations; one of the charges for misdemeanor possession of marijuana was dismissed and the other two charges resulted in convictions; and
 
 
 27
 6. The primary occupant of room 4 had been arrested on a controlled substance violation.
 
 
 28
 This evidence is sufficient to establish "a fair probability that contraband or evidence of a crime will be found" in room 4 of the Belair Motel. See Illinois v. Gates, 462 U.S. 213, 238 (1983); see also Greenstreet v. County of San Bernardino, 41 F.3d 1306, 1309 (9th Cir.1994) ("use of prior arrests and convictions can be helpful in establishing probable cause, especially where the previous arrest or conviction involves a crime of the same general nature as the one the warrant is seeking to uncover").
 
 CONCLUSION
 
 29
 We agree with the district court that there was a substantial basis for the state judge's finding of probable cause. The district court's denial of Williams' suppression motion therefore is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although the "district court's probable cause determination in a case with a redacted affidavit is reviewed de novo," Dozier, 844 F.2d at 706 (emphasis added), this court still reviews the original decision to issue the warrant for a "substantial basis." Grandstaff, 813 F.2d at 1355