113 F.3d 1243
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gary Eugene FINCHER, Defendant-Appellant.
 No. 96-30251.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 6, 1997.
Decided May 16, 1997.
 
 Before: LAY,* BEEZER and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gary Fincher appeals the district court's denial of his motion to suppress evidence seized during a search of his apartment. The district court found the government's supporting search warrant affidavit sufficient to establish probable cause. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * Based on physical evidence obtained during the warrant search, Fincher was indicted for: (1) possession of a counterfeit postal key in violation of 18 U.S.C. § 1704 and (2) possession of stolen mail in violation of 18 U.S.C. § 1708. Fincher plead guilty to the counterfeit charge and the government dismissed the stolen mail charge in return. Fincher reserved his right to appeal the district court's denial of his motion to suppress under Federal Rule of Criminal Procedure 11(a)(2).
 
 II
 
 4
 Fincher's motion to suppress is based on the magistrate judge's probable cause determination, which we review for clear error. United States v. Baldwin, 987 F.2d 1432, 1435 (9th Cir.1993).
 
 
 5
 Probable cause exists where "there is a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983). An informant's description of illegal activity can establish probable cause if the totality of the circumstances indicate that the "tip is reliable." United States v. Elliott, 893 F.2d 220, 223 (9th Cir.1990) (citing Gates, 462 U.S. at 230). "A detailed eye-witness report of a crime is self-corroborating; it supplies its own indicia of reliability." Id. (citations omitted).
 
 
 6
 The government's supporting affidavit detailed information about Fincher's criminal activity provided by, and in fact witnessed in part by, a confidential informant. The affidavit discussed Postal Inspector Vach's independent investigation, which corroborated the informant's tip. See Gates, 462 U.S. at 243 n. 13 (independent police corroboration of even innocent activity reported in the tip may support a finding of probable cause). The affidavit also noted that Vach did a criminal history check on Fincher and discovered that Fincher had been found in possession of either stolen mail or counterfeit postal keys four times between 1994 and 1995. See Greenstreet v. County of San Bernardino, 41 F.3d 1306, 1309 (9th Cir.1994) ("[T]he use of prior arrests and convictions can be helpful in establishing probable cause, especially where the previous arrest or conviction involves a crime of the same general nature as the one the warrant is seeking to uncover."). There was a substantial basis for the magistrate judge's finding of probable cause.
 
 III
 
 7
 The evidence obtained from the government's search is admissible under the good faith exception established in United States v. Leon, 468 U.S. 897, 922-23 (1984), even if the government lacked probable cause for its warrant. The purpose of the Fourth Amendment's exclusionary rule is to "deter police illegality." United States v. Mendonsa, 989 F.2d 366, 369 (9th Cir.1993). We have held that evidence seized due to a magistrate judge's error will not be suppressed as long as the police officers involved were not responsible for the error. Id. Evidence will be suppressed when a magistrate judge is misled by information contained in the supporting affidavits which the affiant knows or should have known is false. Leon, 468 F.2d at 923.
 
 
 8
 Fincher does not attack the accuracy of information contained in the affidavit. Postal Inspector Vach relied on the warrant's validity in good faith and his reliance was objectively reasonable. There is no evidence establishing that Vach mislead the magistrate judge, and the officers executing the search warrant had no reason to believe that the warrant was not valid.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit Court of Appeals, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3