116 F.3d 1486
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Juan MALERBA; Tulia Malerba; Andrea Malerba, Plaintiffs-Appellants,
v.
SAN BERNADINO COUNTY, a political subdivision of the State
of California; Officer James F. Price; Deputy G. Marianes;
Deputy Sharp; Deputy Hahn; Deputy Marnati; Officer
Batix; Officer Dunn; Detective Fausem; Detective
Crawford; Officer Rosales; Officer Bechman; Officer
Servantes; Officer M. Jones; Officer Flagg; Officer
Deavy; Agent Schrettner; Agent Cordova; City of
Riverside, a political subdivision of the State of
California; the City of Chino, a political subdivsion of
the State of California, Defendants-Appellees.
 No. 95-56840.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 7, 1997
Decided June 27, 1997.
 
 Appeal from the United States District Court for the Central District of California, D.C. No. CV-91-01089-RG; Richard A. Gadbois, Jr., District Judge, Presiding.
 Before THOMPSON and T.G. NELSON, Circuit Judges, and FITZGERALD, District Judge.**
 MEMORANDUM*
 Based on evidence obtained through a Drug Enforcement Agency (DEA) narcotics surveillance operation, San Bernardino County Sheriff's Department Senior Deputy James F. Price drafted an affidavit for a warrant to search the home of Juan, Tulia, and Andrea Malerba (the Malerbas). A Superior Court judge issued the warrant, and other police officers subsequently searched the Malerbas' home. The Malerbas later sued Price under 42 U.S.C. § 1983, alleging that he violated their Fourth Amendment rights when he obtained the search warrant. The Malerbas also sued the officers who performed the search, alleging that those officers executed the warrant in an unreasonable manner.
 The district court granted summary judgment in Price's favor on the issue of his qualified immunity, and a jury found against the Malerbas on their section 1983 claims against the remaining police officers. On appeal, the Malerbas challenge only the district court's summary judgment on the ground of qualified immunity. We have jurisdiction under 28 U.S.C. § 1291, and we reverse.
 DISCUSSION
 To determine if an officer is entitled to qualified immunity from liability for a Fourth Amendment violation, a district court must determine: "1) was the law governing the officer's conduct clearly established? 2) Under that law, could a reasonable officer have believed the conduct was lawful?" Act Up!/ Portland v. Bagley, 988 F.2d 868, 871 (9th Cir.1993); see also Hunter v. Bryant, 502 U.S. 224, 227-28 (1992).
 The law as of November 9, 1990, the date Price applied for the warrant, clearly established that he did not have probable cause to search the Malerbas' home. The Fourth Amendment requires "probable cause, supported by Oath or affirmation" to justify the issuance of a search warrant. U.S. Const. amend. IV. To obtain a warrant, Price was required to establish "by sworn evidence presented to a magistrate that probable cause exists to believe that an offense has been committed and that items related to that offense, such as fruits of the crime, will be found on the premises sought to be searched at the time the warrant is issued." United States v. Rabe, 848 F.2d 994, 997 (9th Cir.1988) (internal citation and quotations omitted).
 The only evidence in Price's affidavit in support of the warrant connecting the Malerbas' home and Alonso's drug operation consisted of the following:
 1. A police officer observed Alonso driving a woman from the Bedford Lane location to the Malerbas' home, on a maximum of two occasions.
 2. The woman carried a purse.
 3. Alonso's operation sometimes used female couriers to accomplish drug sales.
 The woman was never otherwise seen by the surveilling officers, and she was not otherwise associated with Alonso.
 In essence, Price's affidavit set forth that he suspected the woman of criminal activity because she was a woman who carried a purse and knew Alonso. However, most women carry purses. And, the woman's mere association with Alonso, a known criminal, does not give rise to probable cause to arrest or search her. See Ybarra v. Illinois, 444 U.S. 85, 91 (1979).
 Even more attenuated is the connection to the Malerbas, however, because the woman only visited their house twice. The fact that the woman may have been a "casual social guest" of the Malerbas, or as it turned out, a maid, did not provide probable cause to search their home. See United States v. Bailey, 458 F.2d 408, 412 (9th Cir.1972); United States v. Robertson, 833 F.2d 777, 783 (9th Cir.1987) (mere proximity to criminal and house where criminal activity was suspected to be afoot was not enough for probable cause for arrest); United States v. Strickler, 490 F.2d 378, 380 (9th Cir.1974) (mere proximity to a residence where cocaine is being delivered and participation in some ambiguous driving activity is not probable cause); Sibron v. New York, 392 U.S. 40, 62-63 (1968) (talking to a number of known narcotics addicts over a period of eight hours not enough for probable cause for arrest); Wayne R. LaFave, Search and Seizure, § 3.7(d) (observing that "mere suspicion that persons visiting the premises are connected with criminal activity" does not give law enforcement officers probable cause to search the premises).
 Price is nevertheless entitled to qualified immunity unless a reasonable officer in Price's position "would have known that his affidavit failed to establish probable cause and that he should not have applied for the warrant." Malley v. Briggs, 475 U.S. 335, 345 (1986).
 The application of our holding in Greenstreet v. County of San Bernardino, 41 F.3d 1306 (9th Cir.1994), controls this case. A reasonable officer in Price's position would not have applied for a warrant to search the Malerbas' home. As in Greenstreet, the only evidence linking the Malerbas' home to any criminal activity was the presence of a person previously observed with a known criminal at a location suspected of being a drug-selling hub. See id. at 1307-08. The warrant contained no information about what the person did while she was at the Malerbas' home, or who actually lived in their home. See id. at 1309.
 Price attempts to distinguish Greenstreet in several ways. First, he argues that, unlike in Greenstreet, here the police knew that Alonso accomplished his drug transactions through the use of female couriers. We reject this argument. The woman who was dropped off at the Malerbas' home was never observed doing anything illegal or drug-related. The woman's limited association with Alonso as set forth in the affidavit cannot give rise to a reasonable officer believing that there was probable cause to search the Malerbas' home. See Ybarra, 444 U.S. at 91.
 Price next argues the present case is distinguishable from Greenstreet because in this case there was more DEA involvement in the investigation. This argument lacks merit. At the hearing conducted by the district court, Price admitted that, at the time he drafted the affidavit and to this day, the only information he possessed that linked the Malerbas' residence to Alonso's activities was that Alonso dropped off a woman there on two occasions. The DEA's involvement in the investigation could not have had any effect upon Price's decision to seek a warrant to search the Malerbas' home.
 Last, Price attempts to distinguish Greenstreet by pointing out that the magistrate in the present case had more time to consider the affidavit than did the magistrate in Greenstreet. However, Price cannot rely on the magistrate's acceptance of his affidavit to give him qualified immunity if a reasonable officer in his position would not have applied for a warrant in the first place. See Malley, 475 U.S. at 1098 (observing that, in our system, where magistrates work under docket pressures, an officer should minimize the danger of the magistrate issuing an unconstitutional warrant "by exercising reasonable professional judgment.").
 We conclude that Price was not entitled to qualified immunity. We REVERSE the district court's summary judgment in favor of Price and REMAND to the district court for further proceedings consistent with this disposition.
 REVERSED and REMANDED.
 
 
 
 **
 The Honorable James M. Fitzgerald, United States District Judge for the District of Alaska, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3