**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Manuel MORAN, Defendant—
Appellant.**

No. 08–50323.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 2, 2009.

Filed March 20, 2009.

---

\* This disposition is not appropriate for publication and is not precedent except as provided

James A. Bowman, Esquire, AUSA–Office of U.S. Attorney, Criminal Division–U.S. Courthouse, Michael J. Raphael, Esquire, Assistant U.S. Attorney, Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff-Appellee.

Gia Kim, Esquire, Deputy Federal Public Defender, Federal Public Defender's Office, Los Angeles, CA, for Defendant-Appellant.

Before: GOODWIN, BEEZER and PAEZ, Circuit Judges.

MEMORANDUM \*

Manuel Moran (Moran) appeals from his conviction for being a felon in possession of

by 9th Cir. R. 36–3.

a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1) and challenges the district court's denial of his motion to suppress firearms evidence seized during a search of his residence. We have jurisdiction to review his appeal under 28 U.S.C. § 1291, and we affirm.

1. Moran challenges the admission of firearms evidence that was discovered under his bed during a search pursuant to a warrant authorizing the search of Moran's residence for a federal fugitive, Victor Flores, and for firearms. Moran argues that the warrant was not supported by probable cause to search his residence for firearms, but does not challenge the probable cause determination with respect to Flores. We uphold a probable cause determination "so long as the magistrate had a substantial basis for concluding probable cause existed based on the totality of the circumstances." *Greenstreet v. County of San Bernardino*, 41 F.3d 1306, 1309 (9th Cir.1994) (internal quotation marks omitted). "The facts presented [to a magistrate] 'must be sufficient to justify a conclusion that the property which is the object of the search is probably on the premises to be searched at the time the warrant is issued.'" *Id.* (quoting *United States v. Greany*, 929 F.2d 523, 524–25 (9th Cir.1991)).

Although Moran argues that there was an insufficient nexus connecting Flores's firearms to his residence, *see United States v. Chavez–Miranda*, 306 F.3d 973, 978 (9th Cir.2002), we conclude that, although it is a close question, the underlying affidavit for the warrant established that it was more likely than not that firearms would be found at Moran's residence at the time the warrant was issued. *See Greenstreet*, 41 F.3d at 1309. First, the affidavit established that Flores would likely be armed, stating that Flores was a federal fugitive and parolee at large, was wanted for violations relating to dangerous drugs, and had been arrested for weapons violations, *see id.* at 1309 (holding that "the use of prior arrests and convictions [in a warrant application] can be helpful in establishing probable cause"). The affidavit's statement of expertise also linked Flores's narcotics activity to the possession of firearms.

Second, the affidavit established that, at the time the warrant was issued, Flores would likely be found at Moran's residence. *Cf. id.* at 1306, 1309–10 (no probable cause to search person's residence when supporting affidavit provided only that the third-party suspect, some time in the past, had gone to that residence); *United States v. Bailey*, 458 F.2d 408, 410–12 (9th Cir.1972) (no probable cause to search defendant's residence for evidence of a third party's crime when only connection between the third party and the residence was her arrest there the day before the warrant's issuance). The affidavit stated that Flores had been surveilled walking from the area of Moran's residence earlier in the day and, although he had briefly stopped at other locations during the day, had returned to Moran's residence later in the evening. From that time until the magistrate issued the warrant, Flores had been under constant surveillance, had been observed in Moran's residence seated in one of the rooms, and had not been observed leaving the residence.

The affidavit provided a substantial basis to conclude that Flores would remain at Moran's residence for the night and likely had disarmed and stowed his firearms at this location. *See United States v. Grandstaff*, 813 F.2d 1353, 1356 (9th Cir.1987) ("A fugitive . . . is even more likely to have at least some of his stolen property near him in his temporary abode."). We therefore conclude that the warrant was sup-

ported by probable cause to search Moran's residence for firearms, because the affidavit was "sufficient to justify a conclusion that [firearms were] probably on the premises to be searched at the time the warrant [was] issued." *Greenstreet*, 41 F.3d at 1309.

2. Even if we were to conclude otherwise, the firearms evidence was, nonetheless, properly admitted under the good faith exception to the Fourth Amendment's exclusionary rule. *United States v. Leon*, 468 U.S. 897, 913, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). Assuming the warrant was not supported by probable cause, no facts in the record suggest that "a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization." *Id.* at 923 n. 23, 104 S.Ct. 3405. Although Moran argues that the search warrant was "so lacking in indicia of probable cause as to render official belief in its existence objectively unreasonable," *see id.* at 923, 104 S.Ct. 3405 (quoting *Brown v. Illinois*, 422 U.S. 590, 610–11, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975)), his argument is untenable given our conclusion that the issue of probable cause is a close question. *See United States v. Hove*, 848 F.2d 137, 139 (9th Cir.1988) (holding that the good faith exception applies when "the affidavit was sufficient to 'create disagreement among thoughtful and competent judges as to the existence of probable cause'") (quoting *Leon*, 468 U.S. at 926, 104 S.Ct. 3405). Further, no other evidence in the record regarding the timing of the warrant application or the execution of the search warrant for Moran's residence suggests that the officers acted in bad faith. We therefore agree with the district court that the good faith exception applied.

**AFFIRMED.**