**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 5 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    18-50122 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 3:17-cr-00679-MMA-1 |
| DARIUS LATRELL KING, AKA Darius King, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Miguel M. Anello, District Judge, Presiding

Argued and Submitted May 17, 2019
Pasadena, California

Before:  WARDLAW and HURWITZ, Circuit Judges, and KORMAN,[**] District Judge.

Police officers stopped at Patrice Shell's home after noticing a car blocking the sidewalk. Shell's husband, Darius King, exited the house through the back door after he heard the police arrive. The officers ran a records check on Shell and King,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

which indicated that Shell was on probation for assault and King had prior firearm arrests. As Shell attempted to enter the house, the officers also saw her discard an item near the front door, which they believed might have been narcotics.

A condition to Shell's probation allowed unwarranted searches of her residence. During a search of Shell's room, officers found King's car keys, textbook, and two pieces of mail addressed to King at Shell's address. King's car, which was parked outside the residence, was registered to an address (414 29th Street) that appeared to be Shell's with one number transposed (141 29th Street). The police found a firearm inside of a glove in Shell's dresser drawer. King was located on a nearby street, arrested, and taken to the police station, where he confessed to possessing the gun. In this appeal, King challenges the denial of his motion to suppress the gun and his post-arrest statements.

1. An order that "clearly expresse[s] [a] search condition" and "unambiguously inform[s]" a probationer of that condition "significantly diminishe[s] [the probationer's] reasonable expectation of privacy" if she accepts it. *United States v. Knights*, 534 U.S. 112, 119–20 (2001). Shell was subject to a condition of probation authorizing searches of her "residence, property, [and] personal effects . . . at any time with or without a warrant, and with or without reasonable cause." The sentencing judge asked Shell, "Are you willing to accept probation on these terms

and conditions?"[1] Shell replied, "Yes, sir." Thus, the district judge did not err in finding that Shell assented to the search condition contained in the probation order. Indeed, Shell did not object to the condition. Given the condition, Shell's discarding of the item, and Shell's previous probation violations for drug possession, the search of her room was reasonable. *See United States v. King*, 736 F.3d 805, 808–10 (9th Cir. 2013).

2.    King also claims that the police lacked probable cause to arrest him. "[P]robable cause [is] . . . a practical, nontechnical conception" that "does not deal with hard certainties, but with probabilities. . . . [P]ractical people formulate[] certain common-sense conclusions about human behavior; jurors as factfinders are permitted to do the same—and so are law enforcement officers." *Illinois v. Gates*, 462 U.S. 213, 231–32 (1983) (internal quotation marks and citations omitted). Probable cause is based on "the totality of the circumstances known to the arresting officers." *United States v. Buckner*, 179 F.3d 834, 837 (9th Cir. 1999) (quoting *United States v. Garza*, 980 F.2d 546, 550 (9th Cir. 1992)). We review a probable cause determination de novo, but we review the district court's factual findings for clear error and "give due weight to inferences drawn from those facts by resident judges and local law enforcement officers." *Ornelas v. United States*, 517 U.S. 690,

---

[1] We grant the government's motion to take judicial notice of the sentencing transcript. Dkt. 18.

699 (1996).

A number of facts here aggregate to establish probable cause. King left the home through the back door after he heard the police arrive. *Cf. Illinois v. Wardlow*, 528 U.S. 119, 124 (2000) ("Headlong flight—wherever it occurs—is the consummate act of evasion: It is not necessarily indicative of wrongdoing, but it is certainly suggestive of such."). The room where the gun was found contained King's keys, textbook, and mail sent to him at Shell's address, demonstrating not only that he had been in the room, but that he regularly spent time there.

Moreover, King had previously been arrested for possession of a firearm. *See United States v. Nora*, 765 F.3d 1049, 1059 (9th Cir. 2014) ("[C]riminal history 'can be helpful in establishing probable cause, especially where the previous arrest or conviction involves a crime of the same general nature as the one the warrant is seeking to uncover.'" (quoting *Greenstreet v. County of San Bernardino*, 41 F.3d 1306, 1309 (9th Cir. 1994))). The facts are collectively sufficient to establish probable cause.

**AFFIRMED.**