NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 3 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CINDY SABAN; et al., | No.   21-36054 |
| Plaintiffs-Appellants, | D.C. No. 3:19-cv-01882-JR |
| v. | |
| LAKE OSWEGO POLICE DEPARTMENT; MARK ANDERSON, in his individual capacity, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernández, Chief District Judge, Presiding

Submitted April 1, 2024[**]
Portland, Oregon

Before:  OWENS and FRIEDLAND, Circuit Judges, and ORRICK,[***] District
Judge.

The Sabans appeal the district court's grant of summary judgment in favor

---

[*]        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]        The Honorable William Horsley Orrick, United States District Judge
for the Northern District of California, sitting by designation.

of Defendants. The Sabans challenge only the district court's ruling that Officer Anderson was entitled to qualified immunity. As the parties are familiar with the facts, we do not recount them here. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Where the facts are undisputed—as they are here—qualified immunity is "a pure question of law." *Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011) (quoting *Scott v. Harris*, 550 U.S. 372, 381 n.8 (2007)). "[Q]ualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "Even law enforcement officials who 'reasonably but mistakenly conclude that probable cause is present' are entitled to immunity." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (per curiam) (quoting *Anderson v. Creighton*, 483 U.S. 635, 641 (1987)).

The Sabans argue that Officer Anderson's affidavit did not establish probable cause to search their home or vehicle. However, even if the warrant were invalid, Officer Anderson acted in an objectively reasonable manner. The fact that Officer Anderson's supervisor, a deputy district attorney, and a neutral magistrate approved the warrant application "almost guarantees" the reasonableness of Officer Anderson's actions. *Armstrong v. Asselin*, 734 F.3d 984, 994 (9th Cir.

2

2013); *see also Messerschmidt v. Millender*, 565 U.S. 535, 546, 553 (2012) (holding that officers acted reasonably where they "sought and obtained approval of the warrant application from a superior and a deputy district attorney" before it was approved by a neutral magistrate).

Nor was the affidavit "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Messerschmidt*, 565 U.S. at 547 (quoting *United States v. Leon*, 468 U.S. 897, 923 (1984)). We have previously deemed an affidavit so lacking where the only link to the target residence was that a man with "a history of drug offenses, was seen at the alleged locus of [a] drug ring and then at some point, went to [the] residence" in question. *Greenstreet v. County of San Bernardino*, 41 F.3d 1306, 1309 (9th Cir. 1994). Officer Anderson's affidavit, by contrast, was not so defective on the face of the warrant itself or nearly so sparse in explaining the connection to the Sabans' residence. *See Armstrong*, 734 F.3d at 992.

The Sabans contend that Officer Anderson violated two clearly established rights. First, they rely on *Ybarra v. Illinois*, 444 U.S. 85, 91 (1979), for the proposition that "a person's mere propinquity to others independently suspected of criminal activity does not, without more, give rise to probable cause to search that person." But the warrant did not authorize the search of any individual, and the record before us does not contain any evidence that Jeffrey or Cindy Saban was

3

searched during its execution. Thus, the Sabans' reliance on *Ybarra* is inapposite.

Second, the Sabans argue that it was clearly established that "relying on evidence of a prior crime does not amount to probable cause related to a new crime." But neither of the child pornography cases they cite—*Dougherty v. City of Covina*, 654 F.3d 892 (9th Cir. 2011), and *United States v. Weber*, 923 F.2d 1338 (9th Cir. 1990)—clearly establish that a search pursuant to a warrant based on an affidavit that groups together suspected instances of credit card fraud/identity theft over a two-week period violates the Fourth Amendment. Officer Anderson's affidavit sought evidence directly related to a suspected crime committed two weeks prior and a new crime committed the day before he sought the warrant.

Because prior precedent did not preclude Officer Anderson from reasonably believing that his conduct was lawful, he is entitled to qualified immunity. *See Kramer v. Cullinan*, 878 F.3d 1156, 1163 (9th Cir. 2018).

**AFFIRMED**.